UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARIA MELCHOR, §
§
    Plaintiff, §
VS. § CIVIL ACTION NO. 2:18-CV-131
§
WAL-MART STORES TEXAS, LLC; dba §
WAL-MART SUPERCENTER #470, *et al*, §
§
    Defendants. §

## ORDER ON MOTION TO REMAND

Before the Court is Plaintiff Maria Melchor's motion to remand and for attorney's fees. D.E. 6. For the reasons that follow, her motion to remand is **GRANTED** and this action is **REMANDED** to the Nueces County Court at Law No. 2. Her motion for attorney's fees is **DENIED**.

### BACKGROUND

Plaintiff, who resides in Texas, alleges that she was struck by a car while crossing a pedestrian crosswalk at a store maintained by defendant Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Supercenter #470 (Wal-Mart). Her state court petition asserted negligence and premises liability claims against Wal-Mart and negligence claims against the driver, defendant Manuel Rodriguez Jimenez.

After several unsuccessful attempts at personal service of Jimenez, Plaintiff obtained an order from the state court judge granting her leave to serve Jimenez via substitute service. An affidavit of service states that a copy of Plaintiff's petition was left at Jimenez's last known address, which is in Corpus Christi, Texas, on or around March

17, 2018. D.E. 1-1, p. 46. Jimenez did not respond to Plaintiff's petition within the deadline imposed by Tex. R. Civ. P. 99(b), and to date he has yet to appear in the state or federal case.

Within 30 days of the expiration of Jimenez's deadline to respond to Plaintiff's petition, Wal-Mart, which for jurisdictional purposes resides in Arkansas and Delaware, removed to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. There is no question that the amount in controversy requirement for federal diversity jurisdiction is satisfied. It is undisputed, however, that Jimenez is alleged to be a Texas resident, which would mean complete diversity is lacking. Wal-Mart contends that Jimenez has been improperly joined to defeat federal jurisdiction, and thus his citizenship may be disregarded when assessing the case's removability.

## STANDARD OF REVIEW

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. This strict construction rule arises because of federalism concerns and "'[d]ue regard for the rightful independence of state governments.'" *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).

A removing defendant claiming improper joinder "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc); *see also McDonal v. Abbott Labs.*, 408

F.3d 177, 183 (5th Cir. 2005). To carry that burden, the removing party must demonstrate either "'(1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).

Here, only the second method of proving improper joinder is at issue. Therefore, Wal-Mart must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. "If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder." *Davidson v. Ga-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016); *see also Smallwood*, 385 F.3d at 573 ("The court may conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant.").

## DISCUSSION

**Improper joinder.** Wal-Mart asks the Court to hold that Jimenez is improperly joined because he has failed to appear in the state court matter. It cites no authority for this proposition, which flips the improper joinder analysis on its head. The question is whether the Court can predict any possible recovery by Plaintiff against the in-state defendant. Here, Plaintiff is free to pursue a default judgment against Jimenez. Instead

of ruling out Plaintiff's possibility of recovery, Jimenez's non-appearance improves Plaintiff's chances of securing judgment against him.[1]

As for the merits of her cause, Plaintiff has alleged a garden-variety negligence claim. Wal-Mart does not contend otherwise. Plaintiff's petition easily survives "a Rule 12(b)(6)-type challenge," and there is no suggestion that she "misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. Therefore, there is no basis to conclude that she has improperly joined Jimenez. Remand is necessary because there is no complete diversity.

**Costs, Expenses, and Fees.** Plaintiff also seeks costs, expenses, and fees. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). While § 1447(c) itself provides little insight as to when such an award is appropriate, the Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); *see also Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 694 n.6 (5th Cir. 2017).

Straightforward application of the principles of improper joinder requires this action to be remanded. Nonetheless, the Court will not order Wal-Mart to pay Plaintiff's fees. Wal-Mart's position fails, but it is not objectively unreasonable.

---

[1] Wal-Mart accuses Plaintiff of "fail[ing] to exert her right to judgment as to Mr. Jimenez," thereby "excluding Wal-Mart from the right to present its defenses in federal court." D.E. 8, p. 3. It does not appear to be the case, however, that Plaintiff joined Jimenez solely to prevent removal and therefore does not intend to prosecute her claims against him. Instead, Plaintiff seems to have gone to additional lengths to serve Jimenez.

## CONCLUSION

Wal-Mart has not met its heavy burden of showing that Plaintiff has no reasonable prospect of recovery against Jimenez. For the reasons set out above, the Court **GRANTS** Plaintiff's motion to remand (D.E. 6). The Court **ORDERS** this action **REMANDED** to the Nueces County Court at Law No. 2, the court from which it was removed. Plaintiff's motion for attorney's fees is **DENIED**. The Court instructs the Clerk to terminate this federal action.

ORDERED this 30th day of July, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE